IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEFFREY A. MEADOWS,<br><br>     Plaintiff<br><br>  VS.<br><br>MICHAEL J. ASTRUE,<br>S.S. Commissioner,<br><br>     Defendant | NO. 5:07-CV-244 (CAR)<br><br>**SOCIAL SECURITY APPEAL** |

**O R D E R**

  This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. On February 24, 2005, plaintiff filed an application for Social Security Disability Benefits alleging disability beginning February 14, 2005 due to back injuries. The application was denied initially and upon reconsideration. The plaintiff requested a hearing before an administrative law judge ("ALJ") which was held on April 7, 2006. The ALJ found that the plaintiff was not disabled in a decision dated October 20, 2006. The Appeals Council denied the plaintiff's request for review on April 23, 2007, making the hearing decision the final decision of the Commissioner. Thereafter, on June 22, 2007, the plaintiff filed the instant Complaint.

**LEGAL STANDARDS**

  The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

  The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. ***Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* ***Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980).

The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure

to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Meadows first alleges that the ALJ erred in discrediting the opinion of the treating neurologist, Dr. Lazarus. In support of this contention, the plaintiff avers that Dr Lazarus' findings were well-supported by medically accepted clinical and laboratory diagnostic techniques and, because the ALJ failed to clearly articulate reasons for giving little weight to Lazarus' findings, they should be accepted as true as a matter of law. While it is true that where an ALJ ignores or fails to properly refute a treating physician's opinions they should be accepted as true as a matter of law, such is not the case in the instant matter. Contrary to the above assertion by the plaintiff, a review of the ALJ's written decision reveals not only a detailed review of the plaintiff's medical history generated by the plaintiff's treating physicians but also the following explanatory remarks by the ALJ.

> *Dr. Lazarus' opinion is not supported by his own treatment notes. Office notes reflected relativily unchanged physical findings including normal strength and muscle tone. Furthermore, in an August 24, 2006, office note, Dr. Lazarus noted that the claimant had no adverse side effects from his medications and he was able to perform his daily chores with his prescribed medication regimen. The doctor's office notes simply failed to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and Dr. Lazarus did not specifically address this weakness.* R. at 23.

Plaintiff next contends that the ALJ failed to apply the appropriate pain standard to the facts presented. This circuit has adopted a two-pronged test for examining complaints of pain or other subjective symptoms. Under the first prong, the claimant must provide evidence of an underlying medical condition. Under the second, the claimant must produce objective medical evidence confirming the severity of the alleged pain, or evidence that the determined medical condition is of a severity which can reasonably be expected to give rise to the degree of pain or symptoms alleged. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

Once the existence of a medically determinable impairment that could be expected to produce the symptoms has been established, the intensity, persistence, and limiting effects of the symptoms must be evaluated. Such an evaluation requires the ALJ to make a finding about the credibility of the individual's statements. Social Security Ruling 96-7p. In making such a finding,

the aforementioned ruling requires the ALJ to outline specific reasons for the finding on credibility.    Some of the factors the adjudicator may use in evaluating credibility are: 1) the medical signs and laboratory findings and statements by treating or examining physicians; 2) the claimant's history and treatment; 3) the claimant's prior work record and efforts to work; and 4) the claimant's daily activities. *Id.*

Here, despite the plaintiff's contention to the contrary, the court must conclude that the ALJ properly applied the aforementioned test as can be seen in the following excerpt from the ALJ's written decision.

> *The medical evidence of record establishes [that] the claimant has underlying medical conditions, but it does not support his allegations of limitation of function to the degree that it would preclude all substantial gainful activity. With that said, the claimant does have a long history of treatment for low back pain with medically documented evidence of lumbar disc disease. Moreover, although the claimant reported that he needed a cane for ambulation, the records documented no more than a mild limp. His treating physician, Dr. Lazarus, a board-certified neurologist, has treated the claimant on a regular basis since 1993 and his own office notes indicated that claimant's condition did not require surgical intervention and remained relatively stable on his medication regimen. Although the claimant has alleged sleepiness as a medication side effect, the record indicates generally that those side effects would not interfere with the claimant's ability to perform work activities in a significant manner. In addition, the claimant's allegations of disabling limitations are inconsistent with his daily activities including independently caring for his personal needs and watching television. In summary, I find the claimant's allegations of discomfort are out of proportion with the objective medical record, and it is impossible for one to conclude that he is restricted from all work activity, thereby.* R. at 22-23.

Accordingly, and for the reasons set forth above, it is the opinion of the undersigned that the ALJ properly applied the relevant legal standards and that his findings are supported by substantial evidence. Therefore, the Commissioner's denial of benefits is **AFFIRMED**.

SO ORDERED, this 18th day of NOVEMBER, 2008.

                                                       S/ C. Ashley Royal
                                                      C. ASHLEY ROYAL
                                                      UNITED STATES DISTRICT JUDGE